# UNITED STATES DISTRICT COURT
## District of Rhode Island

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**WILLIAM J. CORVESE** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:   1:05CR00036-01T<br><br>USM Number: <u>05601-070</u><br><br><u>Kevin J. Fitzgerald, Esquire</u><br>Defendant's Attorney |

**THE DEFENDANT:**

[✓]   pleaded guilty to count(s): **I and II of the Indictment**.
[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 2113(a) | Bank Robbery | February 4, 2005 | I |
| 18 U.S.C. § 2113(a) | Bank Robbery | February 6, 2005 | II |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on count(s) ___.

[ ]   Count(s) ___ [ ] is   [ ] are dismissed on motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

<u>August 18, 2005</u>
Date of Imposition of Judgment

*Ernest C Torres* (signature)
Signature of Judicial Officer

**ERNEST C. TORRES**
**Chief Judge**
Name & Title of Judicial Officer

8/30/05
Date

Attest to True Copy
DAVID A. DIMARZIO
Deputy Clerk

18

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **46 months as to counts I and II, to be served concurrently.**

[✓]     The court makes the following recommendations to the Bureau of Prisons:

   **1. Defendant be assigned to FMC Devens due to his physical condition.**

   **2. While incarcerated, defendant participate in a drug treatment program.**

[✓]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
   [ ] at ___ on ___.
   [ ] as notified by the United States Marshal.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [ ] before _ on ___.
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on 09-28-2005 to F.M.C. Devens

at Ayer, MA , with a certified copy of this judgment.

David L. Winnlearder
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

CASE NUMBER: 1:05CR00036-01T  Judgment - Page 3 of 6
DEFENDANT: WILLIAM J. CORVESE

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years as to counts I and II, to be served concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable)
[✓]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)
[✓]   The defendant shall cooperate with the collection of DNA as directed by the probation officer. (Check, if applicable)
[ ]   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable)
[ ]   The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

---
**FOR OFFICIAL USE ONLY - US PROBATION OFFICE**
---

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand them and have been provided a copy.

(Signed)

_____     _____
Defendant                            Date

_____     _____
US Probation Officer/Designated Witness   Date

CASE NUMBER:      1:05CR00036-01T  
DEFENDANT:        WILLIAM J. CORVESE

Judgment - Page 4 of 6

# SPECIAL CONDITION(S) OF SUPERVISION

In addition, the defendant shall comply with the following special condition(s):

1. The defendant shall participate in and satisfactorily complete a substance abuse counseling and treatment program, on an inpatient or outpatient basis, as approved by the U.S. Probation Office and the Court.

2. During the term of supervised release, the defendant shall submit to up to 72 drug tests per year at such times as are approved by the U.S. Probation Office.

3. The defendant shall participate in and satisfactorily complete a program of mental health counseling and treatment, on an impatient or outpatient basis, as approved by the U.S. Probation Office.

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $200.00 | $0.00 | $2,110.00 |

[ ] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[√] The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| Citizens Bank<br>c/o Sandra Andrews<br>1090 Charles Street<br>North Providence, RI 02904 | $2110.00 | $2110.00 | 100% |
| TOTALS | *$2,110.00* | *$2,110.00* | *100%* |

[ ] If applicable, restitution amount ordered pursuant to plea agreement. $_____

[ ] The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[√] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   [ ] the interest requirement is waived for the  [ ] fine and/or [ ] restitution.

   [√] the interest requirement for the  [ ] fine and/or  [√] restitution is modified as follows:

   **Interest is waived for the term of defendant's incarceration.**

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [✓]  Lump sum payment of $2310.00 due immediately.

      [ ] not later than _, or
      [ ] in accordance with [] C, [] D, [] E, or [] F below; or

B  [ ]  Payment to begin immediately (may be combined with [] C, [] D, or [] F below); or

C  [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $_ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in equal _ (e.g., weekly, monthly, quarterly) installments of $_ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  []   Payment during the term of supervised release will commence within _ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  [ ]  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


[ ]  The defendant shall pay the cost of prosecution.


[ ]  The defendant shall pay the following court cost(s):


[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

CASE NUMBER: 1:05CR00036-01 T
DEFENDANT: WILLIAM J. CORVESE
DISTRICT: Rhode Island

# STATEMENT OF REASONS
(Not for Public Disclosure)

[✓] **THE COURT ADOPTS THE PRESENTENCE AND GUIDELINE APPLICATIONS WITHOUT CHANGE.**

**OR**

[ ] **THE COURT ADOPTS THE PRESENTENCE REPORT AND GUIDELINE APPLICATIONS BUT WITH THESE CHANGES:** (Use Page 3, if necessary.)

  [ ] **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to the base offense level or specific offense characteristics):

  [ ] **Chapter Three of the U.S.S.G. Manual** adjustments determinations by the court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

  [ ] **Chapter Four of the U.S.S.G. Manual** determinations by the court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

[ ] **THE COURT ADOPTS THE PRESENTENCE REPORT WITH THESE COMMENTS OR FINDINGS** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions. Specify court comments or findings, including paragraphs in the presentence report.) (Use Page 3, if necessary.)

**GUIDELINE RANGE DETERMINED BY THE COURT (BEFORE DEPARTURES):**

Total Offense Level: **23**

Criminal History Category: **II**

Imprisonment Range: **51** to **63** months

Supervised Release Range: **2** to **3** years

Fine Range: $ **10,000.00** to $ **100,000.00**

[✓] Fine is waived or is below the guideline range, because of inability to pay.

[ ] **THE SENTENCE IS WITHIN THE GUIDELINE RANGE, THAT RANGE DOES NOT EXCEED 24 MONTHS, AND THE COURT FINDS NO REASON TO DEPART.**

**OR**

[ ] **THE SENTENCE IS WITHIN THE GUIDELINE RANGE, THAT RANGE EXCEEDS 24 MONTHS, AND THE SPECIFIC SENTENCE IS IMPOSED FOR THESE REASONS:** (Use Page 3, if necessary.)

CASE NUMBER: 1:05CR00036-01T
DEFENDANT: WILLIAM J. CORVESE
DISTRICT: Rhode Island

# STATEMENT OF REASONS
(Not for Public Disclosure)

## RESTITUTION DETERMINATIONS

Total Amount of Restitution: **$ 2,110.00**

[ ] For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

[ ] For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

[ ] For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

[ ] Restitution is not ordered for other reasons:

[ ] Partial restitution is ordered under 18 U.S.C. § 3663(c) for these reasons:

## DEPARTURE (Check all that apply)

[ ] The sentence departs <u>below the guideline range</u> for the following reasons; or
[ ] The sentence departs <u>above the guideline range</u> for the following reasons:

**Pursuant to a Plea Agreement**
[ ] based on 5K1.1 motion of the government based on the defendant's substantial assistance;
[ ] based on a government motion pursuant to an early disposition program;
[ ] based on a binding plea agreement for departure which the court has accepted (cite below reason, if applicable);
[ ] based on a plea agreement which <u>cites the below reason</u> for departure, which the court finds to be justified; or
[ ] based on a plea agreement which states that the government will not oppose a defense departure motion and <u>cites the below reason</u>.

**Pursuant to a Motion Not Addressed in a Plea Agreement**
[ ] pursuant to a 5K1.1 motion of the government based on the defendant's substantial assistance;
[ ] pursuant to a government motion <u>based on the below reason</u> for departure; or
[ ] pursuant to a defense motion <u>based on the below reason</u> for departure to which the government has not objected; or
[ ] pursuant to a defense motion <u>based on the below reason</u> for departure to which the government has objected.

[ ] Other than plea agreement or motion by the parties <u>based on the below reason</u> for departure.

**Reason(s) for Departure**

| | | |
|---|---|---|
| [ ] 4A1.3 Criminal History Adequacy (explain) | [ ] 5K2.8 Extreme Conduct | [ ] 5K2.16 Voluntary Disclosure of Offense |
| [ ] 5K2.0 Aggravating or Mitigating Circumstances (explain): | [ ] 5K2.9 Criminal Purpose | [ ] 5K2.17 High-Capacity Semiautomatic Firearm |
| | [ ] 5K2.10 Victim's Conduct | [ ] 5K2.18 Violent Street Gang |
| [ ] 5K2.1 Death | [ ] 5K2.11 Lesser Harm | [ ] 5K2.20 Aberrant Behavior |
| [ ] 5K2.2 Physical Injury | [ ] 5K2.12 Coercion and Duress | [ ] 5K2.21 Dismissed and Uncharged Conduct |
| [ ] 5K2.3 Extreme Psychological Injury | [ ] 5K2.13 Diminished Capacity | [ ] 5K2.22 Age or Health of Sex Offenders |
| [ ] 5K2.4 Abduction or Unlawful Restraint | [ ] 5K2.14 Public Welfare | [ ] 5K2.23 Discharged Terms of Imprisonment |
| [ ] 5K2.5 Property Damage or Loss | | [ ] 5K3.1 Early Disposition, "fast-track" Program |
| [ ] 5K2.6 Weapons and Dangerous Instruments | | |
| [ ] 5K2.7 Disruption of Government Function | | |

[ ] Other (e.g., 2B1.1 commentary, 5H1.1-5H1.6 or 5H1.1D)(explain and state guideline and/or statutory basis). (Use Page 3, if necessary.)

| | |
|---|---|
| CASE NUMBER: | 1:05CR00036-01T |
| DEFENDANT: | WILLIAM J. CORVESE |
| DISTRICT: | Rhode Island |

# STATEMENT OF REASONS
(Not for Public Disclosure)

**ADDITIONAL PRESENTENCE REPORT AND GUIDELINE APPLICATION CHANGES**
(If necessary.)




**SPECIFIC SENTENCE IS IMPOSED FOR THIS REASON:**

Court grants the equivalent of a one level reduction in the total offense level under Chapter 2B3.1 (b)(2)(F). Court differentiates between the following situations:

1. A threat of death is made or implied to or by the victim and evidence proves that the defendant was in fact in possession of a firearm during the commission of a crime.

2. A threat of death is made or implied to or by a victim and there is no evidence to prove that the defendant was in fact in possession of a firearm during the commission of a crime.

Court determines that the defendant did not possess a firearm during the commission of either crime, therefore the equivalent of a one level adjustment in total offense level is more appropriate than the two level adjustment and would yield a guideline range of 46-57 months.

**ADDITIONAL COMMENTS OR FINDINGS CONCERNING INFORMATION IN PRESENTENCE REPORT**
(If necessary.)




**ADDITIONAL REASONS FOR DEPARTING FROM THE GUIDELINE RANGE**
(If necessary.)




| | |
|---|---|
| Defendant's Soc. Sec. No.: ███ | August 18, 2005 |
| Defendant's Date of Birth: ███ | Date of Imposition of Judgment |
| Defendant's Residence Address:<br>705 Greenville Ave.<br>Johnston, RI 02919 | *Ernest C Jones*<br>Signature of Judicial Officer |
| Defendant's Mailing Address:<br>705 Greenville Ave.<br>Johnston, RI 02919 | ERNEST C. TORRES<br>Chief Judge<br>Name & Title of Judicial Officer |
| | 8/30/05<br>Date |